UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PABLO ALFREDO AROCHA, INDIVIDUALLY; AS NEXT FRIEND OF ESTEBAN ALEXANDER AROCHA, A MINOR CHILD; AND AS REPRESENTATIVE OF THE ESTATES OF CHRISTINA MARTINEZ AROCHA, JONATHAN DANIEL AROCHA, AND NICHOLAS ANTHONY AROCHA | ) ) ) ) ) ) ) ) ) | Civil Action No.  SA-06-CA-847-XR |
| Plaintiffs, | ) ) | |
| VS. | ) ) | |
| FLORESVILLE ELECTRIC LIGHT AND POWER SYSTEM; SEARS ROEBUCK AND CO.; AND GENERAL ELECTRIC COMPANY | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

On this date, the Court considered the parties' Agreed Motion to Remand (docket no. 4).  The parties agree that the removal of this action was untimely.  The motion is GRANTED.  The motion to abate (docket no. 2) is DISMISSED.  The Opposed Motion to Remand (docket no. 3) is also DISMISSED as moot.

Plaintiffs seek recovery of their attorney's fees and costs associated with the filing of their motion for remand.  Defendants argue that they removed this action in good faith and its late filing was a clerical error.  Defendants also argue that Plaintiffs should have placed them on notice earlier as to when the 30 day removal period expired and that they should not be "rewarded for laying

behind the log."

28 U.S.C. § 1447(c) authorizes a district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001). "Fees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004)(citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

Plaintiffs brought this wrongful death action in state court. In pleading their state causes of action, Plaintiffs also made a claim for exemplary damages. In this section of their petition, Plaintiffs alleged that TEX. CIV. PRAC. & REM. CODE § 41.008(b), which places caps on the amount of exemplary damages that can be recovered, violated the Fourteenth Amendment to the United States Constitution.

Defendants removed this action arguing that although "Plaintiffs' underlying wrongful death action is properly brought in state court, Plaintiffs' right to allegedly adequate relief necessarily depends on the resolution of a substantial question of federal law, and federal-question jurisdiction exists even if the cause of action is not a creature of federal law." Defendants relied upon *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1 (1983).

Plaintiffs filed their motion to remand arguing the removal was untimely, not all defendants consented within the requisite thirty day limitations period, and no federal question jurisdiction was present. Plaintiffs rely upon *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003), for their argument

that removal was wholly improper and that defendants lacked "objectively reasonable grounds to believe the removal was legally proper."

In *Beneficial Nat. Bank v. Anderson*, the Supreme Court stated, in part, the following:

> A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law. [28 U.S.C.] § 1441(b). To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses: "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *see Taylor v. Anderson*, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). Thus, a defense that relies on the preclusive effect of a prior federal judgment, *Rivet v. Regions Bank of La.*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), or the pre-emptive effect of a federal statute, *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), will not provide a basis for removal. As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim . . . .

*Beneficial Nat. Bank*, 539 U.S. at 6.

> Thus, a state claim may be removed to federal court in only two circumstances—when Congress expressly so provides, such as in the Price-Anderson Act [internal citations omitted], or when a federal statute wholly displaces the state-law cause of action through complete pre-emption.

*Id.* at 6. Inasmuch as *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.* does not support Defendants' position on removal and *Beneficial Nat. Bank v. Anderson* clearly prohibited the removal, defendants lacked "objectively reasonable grounds to believe the removal was legally proper" and an assessment of attorney's fees and costs in favor of Plaintiffs is warranted.

Plaintiffs have submitted two affidavits in support of their fee request. David Rumley

...

declares that he expended 9.5 hours of time in research and drafting the motion to remand and exhibits thereto. He seeks a rate of $350 per hour. His local counsel seeks 4 hours of attorney time at a rate of $300 per hour. Given the lack of complexity of the issues, the Court declines to award fees for two attorneys.

The reasonable hourly rate is considered to be the prevailing hourly rate in the community for similar work. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). The prevailing hourly rate is shown by evidence, usually in the form of affidavits from other counsel, that the charged rate is in line with the market rate in the community. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). However, some courts have stated that the court may rely on its own knowledge of the market. *See, e.g., Norman v. Housing Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988). The community is most commonly considered to be the locale where the district court sits. *Wheeler v. MHMR Auth.*, 752 F.2d 1063, 1073 (5th Cir. 1985).

The State Bar of Texas website indicates that Mr. Rumley has been licenced to practice law in Texas since 1994. The State Bar of Texas, Department of Research and Analysis, published a report on May 6, 2005 entitled Hourly Rates in 2003 Report. That report stated that the mean hourly rate in 2003 for attorneys in the San Antonio Metropolitan Area was $200.00 per hour (Hourly Rates in 2003 Report, Page 23). In light of Mr. Rumley's legal experience and the dearth of current statistics, the Court finds that $250.00 per hour is in line with the current market rate in the San Antonio Metropolitan area and is a reasonable rate. Thus, the base loadstar amount in this case is 9.5 hours at $250.00 per hour, for a total of $2,375.00.

After determining the base amount, the Court may decrease or increase the amount in light of a number of factors, some of which may have already been taken into account when calculating

declares that he expended 9.5 hours of time in research and drafting the motion to remand and exhibits thereto. He seeks a rate of $350 per hour. His local counsel seeks 4 hours of attorney time at a rate of $300 per hour. Given the lack of complexity of the issues, the Court declines to award fees for two attorneys.

The reasonable hourly rate is considered to be the prevailing hourly rate in the community for similar work. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). The prevailing hourly rate is shown by evidence, usually in the form of affidavits from other counsel, that the charged rate is in line with the market rate in the community. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). However, some courts have stated that the court may rely on its own knowledge of the market. *See, e.g., Norman v. Housing Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988). The community is most commonly considered to be the locale where the district court sits. *Wheeler v. MHMR Auth.*, 752 F.2d 1063, 1073 (5th Cir. 1985).

The State Bar of Texas website indicates that Mr. Rumley has been licenced to practice law in Texas since 1994. The State Bar of Texas, Department of Research and Analysis, published a report on May 6, 2005 entitled Hourly Rates in 2003 Report. That report stated that the mean hourly rate in 2003 for attorneys in the San Antonio Metropolitan Area was $200.00 per hour (Hourly Rates in 2003 Report, Page 23). In light of Mr. Rumley's legal experience and the dearth of current statistics, the Court finds that $250.00 per hour is in line with the current market rate in the San Antonio Metropolitan area and is a reasonable rate. Thus, the base loadstar amount in this case is 9.5 hours at $250.00 per hour, for a total of $2,375.00.

After determining the base amount, the Court may decrease or increase the amount in light of a number of factors, some of which may have already been taken into account when calculating

the lodestar amount. These "Johnson Factors" include (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the loss of other employment in taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) amount of money involved in the litigation and the result obtained; (9) counsel's experience, reputation, and ability; (11) nature and length of the professional relationship with the client; and (12) fee awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). An upward adjustment from the base lodestar amount based on the "Johnson Factors" is exceptional. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court finds that none of the "Johnson Factors" justify an upward departure from the base lodestar amount in this case. The "novelty and complexity of the issues," "the special skill and experience of counsel," "the quality of the representation," and "the results obtained" factors generally cannot be used to increase the base lodestar amount because they are presumed to be reflected in the number of billable hours recorded by the attorney and the reasonable hourly rate. *See Pennsylvania v. Del. Valley Citizen's Council for Clean Air*, 478 U.S. 546, 565 (1986). The Court finds that the base lodestar amount—reasonable hourly rate multiplied by the reasonable number of hours worked—adequately takes into the consideration the "Johnson Factors."

**Conclusion**

The parties' Agreed Motion to Remand (docket no. 4) is GRANTED. The motion to abate (docket no. 2) is DISMISSED. The Opposed Motion to Remand (docket no. 3) is also DISMISSED as moot. All other pending motions are DISMISSED AS MOOT. This case is remanded to the 218th Judicial District Court of Wilson County, Texas. Defendants are ORDERED to pay Plaintiffs'

attorneys fees and costs in the amount of $2,375.00.

It is so ORDERED.

SIGNED this 17th day of October, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE